Marian F. Harrison
US Bankruptcy Judge

Dated: 09/28/12

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 312-01157 |
| LONNIE GENE LAYNE, AND | ) |
| CHARLOTTE ANN LAYNE, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtors. | ) |
| | ) |
| MARGIE GENEVA NOLAN (Individually | ) ADV. NO. 312-90256 |
| and through her Power of Attorney, | ) |
| SUNNETTE PEAY) and On Behalf of | ) |
| THE ESTATE OF HERBERT W. NOLAN | ) |
| and THE HERBERT W. AND MARGIE | ) |
| GENEVA NOLAN REVOCABLE | ) |
| LIVING TRUST, AND | ) |
| HENRY B. STEWART, JR., AND | ) |
| KAREN STEWART MADDOX (As Estate | ) |
| Representative for HENRY B. STEWART | ) |
| and MAMIE A. STEWART, and THE | ) |
| HENRY B. STEWART and MAMIE A. | ) |
| STEWART REVOCABLE LIVING | ) |
| TRUST), AND THE ESTATE OF | ) |
| LARRY C. ASLUP, SR., AND THE | ) |
| ESTATE OF JEWEL ASLUP | ) |
| (Individually and through her Power | ) |
| Of Attorney, BARBARA WEBB), AND | ) |
| THE LILLARD C. AND LAURA J. | ) |
| ALSUP REVOCABLE LIVING TRUST, | ) |
| AND CATHEY L. LEE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |

| | |
|---|---|
| **LONNIE GENE LAYNE, AND<br>CHARLOTTE ANN LAYNE,** | )<br>) |
| | ) |
| **Defendants.** | ) |

_____

## MEMORANDUM OPINION
_____

The plaintiffs filed the above-styled adversary complaint to determine whether their claims against the debtors are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The parties filed cross-motions for summary judgment and agree that there are no material facts in dispute and that the state court judgment is entitled to collateral estoppel. The plaintiffs seek summary judgment on the 11 U.S.C. § 523(a)(2)(A) issue, and the debtors seek summary judgment under both 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).[1] For the following reasons, the Court finds that both motions must be denied.

### I. BACKGROUND

On January 9, 2012, pre-petition, the Chancery Court for Rutherford County (hereinafter "Chancery Court") entered a "MEMORANDUM OPINION" indicating that a judgment would be entered against the debtors in favor of the plaintiffs. Specifically, the Chancery Court made the following relevant findings:

---

[1] The debtors submit that the plaintiffs' complaint implies a theory that the debts are nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

2 - U.S. Bankruptcy Court, M.D. Tenn.

> The Plaintiffs have alleged that the Defendants negligently or intentionally misrepresented facts to them, which induced them to "invest" or loan money to VCDC, and subsequently to lose that money to J.D. Lewis's fraudulent scheme. The Court recognizes that the Plaintiffs allege intentional and fraudulent misrepresentation. While the evidence does show fraudulent conduct on the part of J.D. Lewis and David Howell, who presented no defense, the evidence is not sufficient to show that the Laynes [debtors] acted intentionally or fraudulently. Although the misrepresentations made by Charlotte Layne, as well as Lonnie Layne, were perhaps not made intentionally, Plaintiffs are still entitled to recover under the theory of negligent misrepresentation.

Based on these findings, the Chancery Court awarded compensatory damages against all defendants for each of the above-named plaintiffs in varying amounts. The Chancery Court went on to address the issue of punitive damages, in relevant part:

> The Court finds that Mr. and Mrs. Layne's misrepresentations to the Plaintiffs in the light of their inadequate research into the investments and the Layne's [sic] knowledge of VCDC's failure to pay other investors rises to the level of reckless conduct. The Layne's [sic] actions evidenced a gross deviation from the standard of care that a financial advisor would exercise under the same circumstances.

Pursuant to ***Hodges v. S.C. Toof & Co.,*** 833 S.W.2d 896, 901 (Tenn. 1992), the Chancery Court determined that an additional hearing was necessary to allow the parties to present further proof as to the amount of punitive damages that should be awarded. Accordingly, the Chancery Court reserved judgment on the amount of punitive damages to be assessed. Before the hearing on punitive damages was held, the debtors filed for bankruptcy protection on February 8, 2012. In their motion for summary judgment, the

plaintiffs assert that under collateral estoppel, the punitive damages are non-dischargeable. In contrast, the debtors assert that collateral estoppel precludes relitigation of all issues.

## II.  DISCUSSION

The doctrine of collateral estoppel prevents a party from re-litigating issues that were actually litigated in a prior proceeding. ***Markowitz v. Campbell (In re Markowitz)***, 190 F.3d 455, 461 (6th Cir. 1999) (citations omitted). To determine whether collateral estoppel should be applied depends on whether applicable state law would give collateral estoppel effect to the judgment. ***Tomlin v. Crownover (In re Crownover),*** 417 B.R. 45, 50 (Bankr. E.D. Tenn. 2009) (citation omitted).

Under Tennessee law, collateral estoppel applies in a second suit between the same parties, even if the latter suit is based on a different cause of action, so long as the issues raised in the second suit were actually litigated and decided in the former suit and were necessary to the judgment in that suit. ***Massengill v. Scott,*** 738 S.W.2d 629, 632 (Tenn. 1987). Specifically, to invoke the doctrine of collateral estoppel: (1) the issue must be identical to the issue decided in the earlier suit; (2) the issue must have been actually litigated and decided on its merits in the earlier suit; (3) ***the judgment in the earlier suit must have been a final judgment***; (4) the party against whom collateral estoppel is asserted must have been a party or is in privity with a party to the earlier suit, and (5) the party against whom

collateral estoppel is asserted must have had a full and fair opportunity in the earlier suit to litigate the issue. ***Beaty v. McGraw***, 15 S.W.3d 819, 824-25 (Tenn. Ct. App. 1998) (citations omitted). *See also **Frank Rudy Heirs Assocs. v. Sholodge, Inc.**,* 967 S.W.2d 810, 813 (Tenn. Ct. App. 1997) (for "collateral estoppel to apply, the judgment in the prior case must have been final"); Tenn. R. Civ. P. 54.02 (finality awaits judgment determining all claims unless trial judge makes "an express determination that there is no just reason to delay" entry of final but partial judgment).

In the Chancery Court, a hearing on punitive damages was never held, a final judgment on all claims was never entered, and the Chancery Court did not certify its order pursuant to Tenn. R. Civ. P. 54.02. Accordingly, pursuant to Tennessee law, collateral estoppel cannot be applied to the Chancery Court's Memorandum Opinion which is not a final judgment. While both sides are requesting that collateral estoppel be applied, this Court is bound by Tennessee law and cannot do so.

## III. CONCLUSION

Accordingly, the Court finds that summary judgment is not appropriate in the above-styled case.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

6 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:12-ap-90256    Doc 17    Filed 10/01/12    Entered 10/01/12 08:01:15    Desc Main
Document    Page 6 of 6